UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| GOLDEN WEST REFINING CORPORATION, LTD., | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO. 3:02 CV 1379 (MRK) |
| vs. | ) ) | |
| PRICEWATERHOUECOOPERS, LLP and COOPERS & LYBRAND, LLP, | ) ) ) ) | |
| Defendants. | ) ) ) | |
| ALEC SHARP, et al., | ) ) ) | |
| Plaintiffs, | ) ) | CIVIL ACTION NO. 3:02 CV 1572 (MRK) |
| vs. | ) ) | |
| PRICEWATERHOUSECOOPERS, LLP d/b/a PRICE WATERHOUSE, LLP, | ) ) ) ) | |
| Defendant. | ) ) ) | |
| HANDY & HARMAN REFINING GROUP, INC., | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO. 3:02 CV 1803 (MRK) |
| vs. | ) ) | |
| PRICEWATERHOUSECOOPERS, LLP, | ) ) | |
| Defendant. | ) | |

**UNDERWRITERS' MEMORANDUM REGARDING SUBMISSION OF THEIR MOTION TO COMPEL TO A SPECIAL MASTER**

Pursuant to this Court's Order dated March 14, 2005, Underwriters submit their memorandum on whether appointment of a Special Master would be appropriate with respect to Underwriters' Motion to Compel and related filings.

- 1 -

253433.1

## INTRODUCTION

After reaching a stalemate on several discovery issues with Defendant PricewaterhouseCoopers LLP ("PWC"), Underwriters filed a motion to compel on February 11, 2005. PWC filed a response on February 22, 2005, largely maintaining its position on the disputed matters, and on February 28, 2005, Underwriters filed a reply. The disputed issues concern: 1) PWC's responses to Interrogatories; 2) PWC's production of documents; 3) PWC's responses to Requests to Admit; and 4) the sufficiency of PWC's privilege log.

## ARGUMENT

In Underwriters' opinion, a Special Master would not be appropriate to address the legal issues to be considered in Underwriters' Motion to Compel. First, we note this Court has recently addressed substantively similar issues advanced by PWC with respect to certain documents withheld as privileged by Underwriters. Underwriters cooperated in producing redacted documents, providing detailed written descriptions of withheld portions and this Court has issued an Order largely upholding Underwriters' privilege assertions. Now, PWC wants to withhold documents of essentially the same nature as those at issue in PWC's challenge of Underwriters. Given the similarity of issues, the Court's familiarity with the case law, and the importance of consistent results, we believe this Court should address this issue.

Next, with respect to PWC's responses to Underwriters' Interrogatories and Requests to Admit, we believe the Court will quickly recognize that such discovery was served by Underwriters with the intent of narrowing fact issues for trial. PWC's evasive answers do nothing but frustrate this process and PWC should be ordered to properly respond or be deemed

to have admitted the Requests to Admit. This Court is in the best position to review and rule on these matters without significant expenditure of time or other resources.

Last, with respect to PWC's privilege log, and related to PWC's improper withholding of documents addressed above, we believe the Court is uniquely in position to address this matter given the recent involvement with respect to Underwriters' document production and privilege assertions. Regarding adequacy of PWC's descriptions, we believe the Court would not necessarily be required to review every document on the log, but instead, having reviewed the log and its skeletal, conclusory declarations, order PWC to augment the log with sufficient information so as to allow Underwriters and the Court to make an appropriate determination of the privilege claims. Exporting this issue to a Special Master will be unnecessarily time consuming and inefficient.

## CONCLUSION

As this Court is aware, Underwriters filed their complaint in August 2002. PWC has exhibited a frustrating pattern of delay tactics throughout this matter. PWC's unwillingness to compromise on the disputed discovery matters is an example of their efforts to interfere with Underwriters' prosecution of this matter and good faith attempts to comply with this Court's Modified Scheduling Order entered on January 11, 2005. Assignment of this matter to a Special Matter will likely cause considerable additional delay and significant cost to the parties. Nonetheless, acknowledging the Court's full docket, Underwriters believe it would be appropriate for this Court to issue an opinion on the legal merits of the PWC's asserted privilege and identify the parameters within which documents might properly be withheld. Thereafter, a

Special Master might be useful in reviewing the voluminous set of documents withheld by PWC to make recommendations regarding same in the context of this Court's anticipated Order.

Respectfully submitted,

WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP,

By: _____
Stefan R. Dandelles

Daniel J. McMahon, Esq.
Stefan R. Dandelles, Esq.
WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP
120 N. LaSalle Street
Chicago, IL 60602
Phone: 312-704-0550
Fax: 312-704-1522

Edward J. Boyle, Esq.
Fred Knopf, Esq.
WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP
150 E. 42nd Street
New York, NY 10017
Phone: 212-490-3000
Fax: 212-490-3038

- 5 -

## CERTIFICATE OF SERVICE

     The undersigned, an attorney, hereby certifies that a copy of the foregoing was sent via E-mail and regular mail on March 31, 2005 to all counsel of record as follows:

Thomas D. Goldberg, Esq.
David J. Elliott, Esq.
William H. Erickson, Esq.
Day, Berry & Howard
CityPlace I
Hartford, CT 06103

Steven Humphrey, Esq.
Dina Fisher, Esq.
Robinson & Cole
280 Trumbull Street
Hartford, CT 06103-3597

William H. Champlin III, Esq.
Michael T. McCormack, Esq.
Tyler Cooper & Alcorn, LLP
CityPlace, 35th Floor
185 Asylum Street
Hartford, CT 06103

_____
Stefan R. Dandelles